{¶ 61} I agree with the majority's analysis and conclusion under Freeman's first assignment of error. However, I write separately to address two separate issues not referenced by the majority, which support the conclusion that Freeman's first assignment of error is without merit.
 {¶ 62} First, appellant's trial counsel failed to object to the amended charges of voluntary manslaughter and kidnapping as allied offenses of similar import or request a merger. "Appellant's failure to raise the issue of merger in the trial court constitutes a waiver of the error claimed." State v.McDowell, 11th Dist. No. 2001-P-0149, 2003O-hio-5352, at ¶ 19. Accordingly, appellant's contentions under his first assignment of error were waived.
 {¶ 63} In addition, appellant's convictions and sentence were the result of a guilty plea and jointly recommended sentence. Despite his contentions on appeal, appellant knowingly and voluntarily entered his guilty plea and jointly recommended sentence to the two separate counts of voluntary manslaughter and kidnapping. Again, appellant's failure to bring the issue of merger to the court's attention prior to his guilty plea and jointly recommended sentence acts to waive this contention on appeal. See, e.g., McDowell at ¶ 43.
 {¶ 64} Nevertheless, regardless of appellant's apparent waiver of the merger issue, the majority properly determines that voluntary manslaughter and kidnapping are not allied offenses of similar import. Thus, I agree with the majority's analysis and conclusion under Freeman's first assignment of error.